UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUTHMAR BOYER**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**, *et al.*, <br><br> Defendants. | Civil Action No. 21-cv-2684 (TSC) |

## MEMORANDUM OPINION

Plaintiff Ruthmar Boyer is an American citizen married to Makendy Charles, a Haitian citizen and resident. Compl. ¶¶ 1, 2, ECF No. 1. In July 2018, Boyer petitioned for a visa on behalf of Charles. *Id.* ¶ 15. Defendant United States Citizenship and Immigration Services ("USCIS") approved that petition in early 2019. *Id.* ¶ 17. After Charles had his required consular interview in 2020, Boyer's application was denied and placed in administrative processing, allegedly because "Defendants requested an original document which . . . Charles had previously informed Defendants he would not be able to obtain." *Id.* ¶ 20-23, 30.

Administrative processing is not a final decision; rather, it allows applicants to provide supplemental information to their application as requested by the State Department to determine their visa eligibility. 9 FAM 306.2-2(A)(a); *see also Ramirez v. Blinken*, No. 21-cv-1099, 2022 WL 1795080, at *5 (D.D.C. Mar. 22, 2022). Boyer challenges the fact that her application remains in administrative processing as unreasonable delay in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), 706(1), and of her 5th Amendment due process rights. Compl. ¶¶ 25-37.

Defendants—USCIS and its Director, the State Department and its Secretary, and the United States Embassy in Haiti and its Ambassador—have moved to dismiss Boyer's case against them. Mot. to Dismiss ("MTD"), ECF No. 5. They argue first that Boyer lacks the requisite standing to sue certain Defendants, and to bring her claims altogether. *Id.* at 4-10. They also contend that Boyer has failed to state an unreasonable delay or due process claim. *Id.* at 10-22.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek dismissal because a plaintiff has failed to establish the court's jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). That includes establishing the "irreducible constitutional minimum" of standing, which requires, *inter alia*, a likelihood that the injury will be redressed by a favorable decision. *Id.*

The court finds that Boyer has failed to establish that her complaint is redressable by a favorable decision on the merits. Defendants assert that Boyer's application remains in administrative processing because Charles has not "provide[d] further proof that his prior marital relationships had been legally terminated and that his current relationship was legally valid." MTD, Dybdahl Decl. ¶ 4. That is undisputed—Boyer similarly alleges in the Complaint that her application remains in administrative processing because of Defendants' request. Compl. ¶ 24.

Boyer attempts to explain why Charles cannot provide the requested document in a Declaration filed with her opposition to Defendants' motion to dismiss. But it is well-settled that a plaintiff cannot remedy pleading defects with new facts stated for the first time in opposition to a motion to dismiss. *See Kingman Park Civic Ass'n*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014) ("It is well settled law that a plaintiff cannot amend his or her complaint by the briefs in opposition to a motion to dismiss."); *cf. Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir.

1994) ("The purpose of a motion to dismiss is to assess the validity of the *pleadings*.") (emphasis in original). The court therefore cannot consider this information.

Even a favorable court decision could not resolve Boyer's claim that Defendants have unreasonably delayed her visa application or violated her constitutional right to due process, because the reason for the delay lies with Boyer and/or her husband, rather than any of the named Defendants. *See Defs. of Wildlife*, 504 U.S. at 560-61. Because Boyer has failed to establish standing to bring any of her claims, the court need not reach Defendants' arguments on the merits or as to certain Defendants' standing.

The court will therefore grant Defendants' motion to dismiss. Boyer's complaint will be dismissed without prejudice.

Date: September 30, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge